RECEIVED
OCT 2 8 2002
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
OCT 2 8 2002
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| JOHN ROBERT HITE AND TERRY ANN HITE | CIVIL ACTION NO. **CV02-2266-LC** |
| VERSUS | SECTION _____ **JUDGE TRIMBLE** |
| | MAGISTRATE _____ **MAGISTRATE JUDGE WILSON** |
| IMMUNEX CORPORATION, WYETH, INC., AND AMGEN, INC. | |

### COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come plaintiffs John Robert Hite and Terry Ann Hite, individuals of the full age of majority who represent as follows:

1.

Made defendant herein is Immunex Corporation, a Washington corporation licensed to do and doing business in the State of Louisiana, which may be served through its agent for service of process: National Registered Agents, Inc., 225 St. Ann Drive, Mandeville, Louisiana 70471-3219.

2.

Made defendant herein is Wyeth, Inc., a Deleware corporation licensed to do and doing business in the State of Louisiana, which may be served through its agent for service of process: Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129.

3.

Made defendant herein is Amgen, Inc., a Deleware corporation licensed to do and doing business in the State of Louisiana, which may be served through its agent for service of process: CT Corporation System, 8550 United Plaza Boulevard, Baton Rouge, Louisiana 70809.



4.

At all times relevant hereto, defendants, Immunex Corporation and Wyeth, Inc., were engaged in the business of manufacturing, marketing, developing, distributing, promoting, testing, labeling, and or selling the pharmaceutical drug Enbrel throughout the United States and in the States of Louisiana and Missouri.

6.

Defendant, Amgen, Inc., has recently acquired the business interests of Immunex Corporation.

7.

Immunex Corporation, Wyeth, Inc., and Amgen, Inc. do substantial business in the state of Louisiana and within this Federal District and at all times relevant hereto developed, manufactured, marketed, distributed, and sold in interstate commerce and in the state of Louisiana the aforementioned drug.

8.

Plaintiffs allege that they have suffered damages in an amount in excess of $75,000.00 exclusive of interest and court costs.

9.

There is complete diversity of citizenship between the plaintiffs and defendants.

10.

This court has subject matter jurisdiction under 28 USC Section 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and because there is complete diversity of citizenship between the plaintiffs and the defendants.

11.

There is jurisdiction in the United States District Court for the Western District of Lousiana, Lake Charles Division pursuant to 28 USC Section 1391(a) as plaintiffs suffered damages from the prescription medication that forms the basis of this law suit in this Federal District Court, plaintiffs reside within this district, and defendant marketed, advertised, and distributed Enbrel in this district, received substantial compensation and profits from Enbrel in this district, and made material omissions and representations and breached warranties in this district.

12.

On or about November 2, 1998, the drug Enbrel, was approved for use in the United States by the Food and Drug Administration for the treating of rheumatoid arthritis.

13.

Upon information and belief, once Enbrel was introduced into the market, defendants began to receive reports of serious adverse events sometimes leading to multiple sclerosis type symptoms.

14.

On October 10, 2000, defendant issued a "Dear Healthcare Professional Letter" wherein they advised physicians that serious adverse side effects including cases of central nervous system disorders, including demyelinating disorders such as multiple sclerosis, myelitis, and optic neuritis had been reported in patients with rheumatoid arthritis who received Enbrel therapy.

15.

Plaintiff John Robert Hite was prescribed and took the drug Enbrel to treat and or manage

Plaintiff John Robert Hite was prescribed and took the drug Enbrel to treat and or manage his rheumatoid arthritis and has suffered severe and debilitating injuries as result.

16.

Enbrel, when taken as prescribed and as intended caused serious and severe side effects including the damages suffered by plaintiff.

17.

At all material times, defendants, Immunex Corporation and Wyeth, soley or by use of others manufactured, created, designed, tested, labeled, sterilized, packaged, distributed, supplied, marketed, sold, advertised, warranted, and otherwise distributed in interstate commerce the drug Enbrel.

18.

Enbrel was advertised as safe and effective in the treatment of rheumatoid arthritis with defendants being at all times relevant hereto in control of designing, testing, assembling, packaging, labeling, advertising, manufacturing, marketing, and selling of Enbrel.

19.

At all times material hereto, defendants, Immunex Corporation and Wyeth either knew or should have known that Enbrel had been related to and associated with severe and life threatening complications and side effects including but not limited to central nervous system disorders as well as other complications.

20.

Defendants, Immunex Corporation and Wyeth, failed to adequately warn plaintiff and conspired to conceal and did conceal this knowledge from plaintiff and others. As a result of this failure to warn, plaintiff was caused to suffer the injuries and damages as set forth herein.

21.

Although defendants, Immunex Corporation and Wyeth, knew or should have known that dangerous risks were associated with the use of Enbrel, defendants proceeded to and or permitted the same to be advertised, promoted, distributed, and or sold without adequate warnings of the serious side effects and dangerous risks associated with its use.

22.

The tortuous actions and misdeeds of the defendants as alleged herein are ongoing and continuous and constitute ongoing and continuous torts.

23.

Defendants falsely and fraudulently misrepresented and concealed a number of pertinent facts regarding the drug Enbrel including without limitation to absence of adequate testing of the drug, the severity and frequency of side effects, and adverse medical conditions caused by the drug.

24.

Defendants are liable to plaintiffs under theories of strict products liability, defective product design, defective product composition, failure to adequately warn, negligence, fraudulent misrepresentation, and concealment due to breach of implied and express warranties and reasonable attorneys' fees were applicable.

25.

Defendants failed to take immediate and direct measures to insure that the end user of the drug was notified fully and completely of the risk of Enbrel and/or that physicians, pharmacists, and health care providers were notified of these risks.

26.

The drug Enbrel, referred to herein contains a vice or defect which renders it either absolutely useless or renders its use so inconvenient and imperfect, that it must be supposed that buyers would not have purchased it had they known of this vice or defect.

27.

Defendants impliedly or expressly represented that the drug Enbrel that they manufactured, distributed, and/or sold was safe for use and would not cause the adverse health effects described herein. Presence of the unsafe characteristics of Enbrel is an absolute vice as provided by Louisiana Civil Code Articles 2520 et seq, rendering the defendant liable in redhibition.

28.

Where defendants while knowing of the vice as described herein failed to declare it to Purchaser, Defendant is liable for all damages including reasonable attorneys fees as provided by the Louisiana Civil Code Articles 2525 and 1953 et seq.

29.

Defendant's acts constitute an adulteration and/or misbranding as defined by the Louisiana Revised Statutes 40:600 et seq; the Louisiana Food, Drug, and Cosmetic Act, and/or 21 USC Section 331 et seq, the Federal Food, Drug, and Cosmetic Act; and constitute a criminal act and a breach of duty, subjecting defendants, to civil liability for all damages arising there from.

30.

Enbrel is an unreasonably dangerous product as defined by Louisiana Revised Statute 9:2800.1 et seq. (Louisiana Products Liability Act) and the defendants are liable for all injuries

caused by Enbrel.

Enbrel is an unreasonably dangerous product as defined by Louisiana Revised Statute 9:2800.1 et seq. (Louisiana Products Liability Act) and the defendants are liable for all injuries caused by Enbrel.

Enbrel is an unreasonably dangerous product as defined by Louisiana Revised Statute 9:2800.1 et seq. (Louisiana Products Liability Act) and the defendants are liable for all injuries caused by Enbrel.

31.

In the alternative, plaintiffs' claims may be governed by any and all applicable laws of the State of Missouri.

32.

Plaintiff was prescribed and ingested the drug Enbrel, for treatment of rheumatoid arthritis as directed by the prescription.

33.

Plaintiff lives in ever present fear, that as a result of the ingesting and use of the drug Enbrel, he is at an increased risk of multiple sclerosis, loss of feeling, spinal lesions, and consequently, is entitled to medical monitoring at the expense of defendant.

34.

Defendants failed to adequately warn consumers of the harmful side effects and potential adverse health effects of the drug Enbrel. Defendants marketed Enbrel which was in a dangerous and defective condition and was defective in design and formulation by reason of which said drug was unreasonably dangerous to the user thereof. Enbrel was dangerous and defective at the time it was marketed by defendant and at the time it was ingested by plaintiff.

35.

Said dangerous and defective condition proximately caused the injuries alleged herein to plaintiff while the product was used for its ordinary intended purpose and in the ordinary intended manner. The injuries alleged herein to plaintiff and damages suffered by him were a direct and proximate result of the marketing and sale by defendants of the defective and unreasonably dangerous product, Enbrel. Defendants negligently injured the life, body, and health of plaintiff.

36.

Defendants failed to properly and adequately test Enbrel to determine the potential adverse health effects.

37.

Defendants failed to adequately warn consumers of the harmful side effects and potential adverse health effects of Enbrel.

38.

As a result of his ingestion and use of Enbrel, plaintiff sustained damages in the following nonexclusive particulars:

1. Demyelinating Disorders, loss of body sensation, pain, and other potentially life threatening side effects.
2. Disability
3. Past and future emotional distress including without limitation, justifiable fear of disease.
4. Loss of enjoyment of life.
5. Mental pain and suffering past, present, and future.

6. Inconvenience.

7. Past and future mental anguish.

8. Physical pain and suffering past, present, and future.

9. Increased risk of contracting disease.

10. Medical monitoring.

11. Loss of consortium.

12. Medical bills past, present, and future.

39.

The medical monitoring that plaintiff is entitled to includes but is not limited to testing, screening, position evaluation, examination, and tear and treatment of the resulting medical conditions.

40.

Plaintiff, Terry Ann Hite, the wife of John Robert Hite, suffered damages in the form of loss of consortium.

41.

Plaintiffs are entitled to and pray for a trial by jury on all issues.

**WHEREFORE,** plaintiffs pray:

1. That the defendants be served with a copy of the Complaint and be cited to appear and answer same;

2. After due proceedings are had, including trial by jury, that judgment be rendered in favor of plaintiffs against defendants in an amount to compensate plaintiffs for all damages to which they are entitled by law;

3. For legal interest or all damages awarded from date of judicial demand until paid;

4.  For the costs of this litigation;

5.  For attorneys fees;

6.  For such other and further damages and relief as this Court may deem just and proper.

Respectfully submitted:

**McKAY LAW FIRM**

*/s/ John F. McKay*

John F. McKay #9361
Christopher R. Sonnier #25880
John M. McKay #26416
7465 Exchange Place
Baton Rouge, LA 70806-1571
(225) 924-3641 Telephone
(225) 924-3644 Facsimile


Daniel E. Becnel, Jr.
LSBA #2926
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street
Post Office Drawer H
Reserve, LA 70084
(985) 536-1186 Telephone
(985) 536-6445 Facsimile