

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D

JAN 2 7 2003

ROBERT H. SHEMWELL, CLERK
BY

JOHN ROBERT HITE, ET AL                    NO. CV02-2266-LC

VERSUS                                      JUDGE : TRIMBLE

IMMUNEX CORPORATION, ET AL                  MAG. JUDGE: WILSON

## MOTION TO DISMISS OF DEFENDANTS
## IMMUNEX CORPORATION AND AMGEN INC.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants

Immunex Corporation ("Immunex") and Amgen, Inc. ("Amgen") hereby move this

Court to dismiss, with prejudice, plaintiffs' Complaint for Damages ("Complaint") as

the Complaint fails to state a claim upon which relief can be granted.  As

demonstrated in the attached Memorandum of Points and Authorities, the

Complaint should be dismissed for a number of reasons, including the following:

(1)  At least eight of the causes of action set forth in the Complaint are

barred by the Louisiana Products Liability Act ("LPLA");

(2)  Plaintiffs have failed to allege the elements of any claims that

might be permitted under the LPLA; and

(3)  Plaintiffs' Complaint fails to allege the elements of a cause of

action for redhibition.

For these reasons, and the reasons set forth in the attached

Memorandum, defendants Immunex and Amgen respectfully request that their



- 1 -

Motion to Dismiss be granted and that the Court dismiss the plaintiffs' Complaint in its entirety.

Dated:  January 27, 2003

Respectfully submitted,

By: _____

G. William Jarman (Bar Roll No. 7238)
Glenn M. Farnet (Bar Roll No. 20185)
KEAN, MILLER, HAWTHORNE,
   D'ARMOND McCOWAN & JARMAN,
   L.L.P.
One American Place, 22nd Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana  70825
Telephone:  (225) 387-0999
Fax:  (225) 388-9133

Of Counsel:

Mark D. Gately
Hogan & Hartson L.L.P.
111 South Calvert Street
Baltimore, MD  21202
(410) 659-2700

Michael L. Kidney
Hogan & Hartson L.L.P.
555 Thirteenth Street, N.W.
Washington, DC  20004
(202) 637-5600

\\\DC - 58360/0084 - 1652589 v4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record by depositing same in the United States Mail, properly addressed and postage prepaid, this 27th day of January, 2003.

_____
Glenn M. Farnet



U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JAN 2 7 2003

ROBERT H. SHEMWELL, CLERK
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JOHN ROBERT HITE, ET AL                    NO. CV02-2266-LC

VERSUS                                      JUDGE :TRIMBLE

IMMUNEX CORPORATION, ET AL                  MAG. JUDGE: WILSON

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS IMMUNEX CORPORATION AND AMGEN INC.

\\\DC - 58360/0084 - 1652589 v4

# **TABLE OF CONTENTS**

Page

BACKGROUND ............................................................................................ 3

LEGAL STANDARD ................................................................................... 6

SUMMARY OF ARGUMENT .................................................................... 6

ARGUMENT ................................................................................................ 9

I.      PLAINTIFFS' COMPLAINT CONTAINS AT LEAST EIGHT
        CAUSES OF ACTION THAT MUST BE DISMISSED WITH
        PREJUDICE AS THEY ARE BARRED BY THE LOUISIANA
        PRODUCTS LIABILITY ACT ..................................................... 9

II.     PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM
        UNDER THE LPLA ..................................................................... 13

        A.      Failure to Plead the Elements of an Inadequate Warning
                Claim ................................................................................. 14

        B.      Failure to Plead Threshold Element of LPLA Claims ...... 16

        C.      Defective Product Composition ......................................... 17

        D.      Defective Product Design .................................................. 18

        E.      Breach of Express Warranty .............................................. 19

III.    PLAINTIFFS' CAUSE OF ACTION FOR REDHIBITION
        SHOULD BE DISMISSED .......................................................... 20

CONCLUSION ........................................................................................... 22

\\\DC - 58360/0084 - 1652589 v4

# TABLE OF AUTHORITIES

Page

CASES:

Barrette v. Dow Agrosciences, L.L.C., No. Civ.A. 02-1677,
　　2002 WL 31365598 (E.D. La. Oct. 18, 2002)...................................... 8, 10, 12, 13

Bernard v. Ferrellgas, Inc., No. 96-621 (La. App. 3d Cir. Feb. 5, 1997),
　　689 So. 2d 554 ....................................................................................... 17, 18

Blackburn v. City of Marshall, 42 F.3d 925 (5th Cir. 1995).................................... 6

Brown v. R.J. Reynolds Tobacco Co., 852 F. Supp. 8 (E.D. La. 1994),
　　aff'd, 52 F.3d 524 (5th Cir. 1995) ...................................................... 7, 10, 12

Caboni v. General Motors Corp., 278 F.3d 448 (5th Cir. 2002)........................... 8, 19

Duhon v. Three Friends Homebuilders Corp., No. 8015 (La. App.
　　3d Cir. Mar. 11, 1981), 396 So. 2d 559.......................................................... 7, 20

Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278 (5th Cir. 1993) .................. 6

Ferrell v. Fireman's Fund Ins. Co., No. 96-C-3028 (La. July 1, 1997),
　　696 So. 2d 569 ........................................................................................... 8, 22

Grenier v. Medical Eng'g Corp., 99 F. Supp. 2d 759 (W.D. La. 2000),
　　aff'd, 243 F.3d 200 (5th Cir. 2001) ...................................................... 7, 8, 12, 15

Jefferson v. Lead Indus. Ass'n, 106 F.3d 1245 (5th Cir. 1997) .............. 7, 10, 11, 12

Lee v. Bayer Corp., No. Civ.A. 02-0753, 2002 WL 1058893 (E.D. La.
　　May 24, 2002).......................................................................................... 7, 10, 12

Lewis v. Intermedics Intraocular, Inc., Civ. A. Nos. 93-0007, 93-403,
　　93-404, 93-405, 93-407, 1994 WL 149870 (E.D. La.  Apr. 19, 1994)............. 7, 11

Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804 (1986) .......................... 7, 11

Pipitone v. Biomatrix, Inc., No. Civ. A. 00-1449, 2001 WL 568611 (W.D.
　　La. May 22, 2001), rev'd on other grounds, 288 F.3d 239 (5th Cir.
　　2002)................................................................................................................ 21

Ross v. Premier Imports, No. 96 CA 2577 (La. App. 1st Cir. Nov. 7,
　　1997), 704 So. 2d 17, writ denied, No. 97-C-3035 (La. Feb. 13, 1998),
　　709 So. 2d 750 ................................................................................................ 20

\\\DC - 58360/0084 - 1672805 v1

**TABLE OF AUTHORITIES**
**(continued)**

Page

CASES: (continued)

Stahl v. Novartis Pharms. Corp., 283 F.3d 254 (5th Cir.), cert. denied,
    123 S. Ct. 111 (2002)....................................................................passim

Thomas v. Sport City, Inc., No. 31,994-CA (La. App. 2d Cir. June 16,
    1999), 738 So. 2d 1153 .................................................................... 8, 19

United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,
    125 F.3d 899 (5th Cir. 1998)............................................................. 11

Wicker v. Ford Motor Co., 67 F. Supp. 2d 623 (E.D. La.), aff'd, 192 F.3d
    127 (5th Cir. 1999)............................................................................ 16

Willet v. Baxter Int'l, Inc., 929 F.2d 1094 (5th Cir. 1991)..................................... 15

Williams v. WMX Techs., Inc., 112 F.3d 175 (5th Cir.), cert. denied, 522
    U.S. 966 (1997)................................................................................. 11

Zachary v. Dow Corning Corp., 884 F. Supp. 1061 (M.D. La. 1995)................ 12, 16


STATUTES:

La. Civ. Code art. 3545 ......................................................................... 9

La. Rev. Stat. § 9:2800.52 ...................................................... 2, 7, 8, 9

La. Rev. Stat. § 9:2800.53(5)....................................................... 21

La. Rev. Stat. § 9:2800.54(B) .................................................. 2, 10

La. Rev. Stat. § 9:2800.54(C) .......................................................... 16

La. Rev. Stat. § 9:2800.55 ...................................................... 8, 17

La. Rev. Stat. § 9:2800.56 ...................................................... 8, 18

La. Rev. Stat. § 9:2800.57 ...................................................... 8, 14

\\\DC - 58360/0084 - 1672805 v1

## **TABLE OF AUTHORITIES**
### (continued)

Page

STATUTES: (continued)

La. Rev. Stat. § 9:2800.57(A) .................................................................. 14

La. Rev. Stat. § 9:2800.58 .................................................................. 8, 19

La. Rev. Stat. §§ 40:637-639 .................................................................. 12

RULES:

Fed. R. Civ. P. 9(b) .................................................................. 11

Fed. R. Civ. P. 12(b)(6) .................................................................. 6

REGULATIONS:

21 C.F.R. § 200.5 .................................................................. 5

21 C.F.R. § 601.12(f) .................................................................. 5

\\\DC - 58360/0084 - 1672805 v1

Immunex Corporation ("Immunex") and Amgen, Inc. ("Amgen") hereby submit this Memorandum of Points and Authorities in support of their Motion to Dismiss.  Defendants' motion should be granted as plaintiffs' Complaint for Damages ("Complaint") is fatally flawed in a number of respects.

First, plaintiffs' Complaint sets forth at least eight causes of action that are barred by the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.52.  The LPLA provides four exclusive theories of liability upon which a plaintiff can base a claim:  (1) defect in construction, (2) defect in design, (3) inadequate warning, and (4) breach of express warranty.  La. Rev. Stat. § 9:2800.54(B).  Thus, plaintiffs' claims for strict products liability, negligence, fraudulent misrepresentation, concealment, breach of implied warranty, adulteration and/or misbranding, redhibition (to the extent recovery is sought for personal injury), and fear of future injury are all barred by the LPLA and should be dismissed with prejudice.  A dismissal with prejudice is particularly appropriate here as – even if this Court were to grant leave to amend the Complaint – there is no possibility that plaintiffs can replead sufficient allegations in light of the LPLA's prohibition of these causes of action.

Second, with respect to those causes of action that are not barred by the LPLA, plaintiffs have failed to allege all of the necessary elements of these counts.  Finally, plaintiffs' Complaint similarly fails to set forth the requisite elements of a cause of action for redhibition.  For all these reasons, as further explained below, plaintiffs' Complaint should be dismissed in its entirety.

- 2 -

## BACKGROUND

The defendants provide the following background section, for the convenience of the Court, to explain: (1) the use of Enbrel® in the treatment of rheumatoid arthritis ("RA"), and (2) the many steps leading to the regulatory approval of Enbrel®. Defendants do not rely on any portion of this Background section for their legal arguments.

According to the Complaint, plaintiff John Robert Hite ("Hite" or "Mr. Hite") is afflicted with rheumatoid arthritis ("RA"). Complaint ¶ 15. RA is a complex and unpredictable chronic condition in which the immune system attacks healthy tissue, often leading to inflammation, pain, and damage to joints and other internal organs. RA can be severely debilitating, resulting in significant loss in function.

The Complaint further alleges that Enbrel® was approved by the United States Food and Drug Administration ("FDA") in November 1998 for the treatment of rheumatoid arthritis. Id. ¶ 12. The Complaint asserts that "Immunex Corporation and Wyeth, Inc., were engaged in the business of manufacturing, marketing, developing, distributing, promoting, testing, labeling, and or selling the pharmaceutical drug Enbrel throughout the United States." 1/ Id. ¶ 4. Plaintiff

---

1/     The Complaint also names Amgen Inc. as a defendant, but plaintiffs' counsel has orally agreed to dismiss Amgen Inc. and counsel expect to present a Rule 41(a) Notice of Dismissal to the Court shortly.

\\\DC · 58360/0084 · 1652589 v4

alleges that he took Enbrel® to treat and to manage his RA, but that Enbrel®
caused serious and severe side effects. 2/ Id. ¶ 16.

The November 1998 FDA approval of Enbrel® was preceded by a
decade of development work. The actual approval was based on a review of
extensive safety and effectiveness data, including clinical studies and safety
information from 1,381 study subjects treated with Enbrel®. See FDA website at
http://www.fda.gov/cber/products/etanimm110298.htm (FDA review documents);
http://www.fda.gov/cber/review/etanimm110298r2.pdf. Two months prior to the
approval, FDA convened an independent advisory committee, comprised of scientific
and medical experts, to advise FDA. The advisory committee recommended that
Enbrel® be approved. See http://www.fda.gov/ohrms/dockets/ac/98/transcpt/
3449t1.pdf. FDA subsequently evaluated the product's risks and benefits and
similarly concluded that Enbrel® should be approved. See http://www.fda.gov/
cber/approvltr/etanimm110298L.pdf.

Since November 1998, FDA has approved expanded uses of Enbrel®
for juvenile rheumatoid arthritis (May 1999), inhibition of structural damage
associated with moderate to severely active RA (June 2000), and psoriatic arthritis
(January 2002). See http://www.fda.gov/cber/approvltr/etanimm052799L.pdf;
http://www.fda.gov/cber/approvltr/etanimm060600L.htm; http://www.fda.gov/cber
/approvltr/etanimm011502L.htm. Also, Immunex has undertaken a comprehensive

---

2/     The Complaint alleges that Enbrel® was administered only to Mr. Hite, not
to Mrs. Hite, his wife. Mrs. Hite's claims are limited to loss of consortium. See
Complaint ¶ 40.

safety monitoring program, involving at least 13 retrospective and prospective studies of thousands of Enbrel® patients.  Aspects of the program were undertaken to fulfill regulatory commitments, and others undertaken at the initiative of the company.  See http://www.fda.gov/ohrms/dockets/ac/01/briefing/ 3779b2_02_immunex.pdf.

Immunex has communicated safety updates to the public through FDA-approved labeling revisions, letters to healthcare providers, ongoing patient outreach, scientific publications, and FDA advisory committee meetings. 21 C.F.R. § 601.12(f) (labeling changes requiring FDA approval); http://www.fda.gov/cber/ approvltr/etanimm100199L.pdf (approving labeling revisions); http://www.fda.gov/ cber/approvltr/etanimm011601L.pdf (approving labeling revisions); http://www.fda. gov/cber/approvltr/etanimm091202L.pdf (approving labeling revisions); 21 C.F.R. § 200.5 (dear health care professional letters); http://www.fda.gov/ ohrms/dockets/ac/00/transcripts/3608b1b.pdf; http://www.fda.gov/ohrms/ dockets/ac/01/briefing/ 3779b2_02_immunex.pdf.  For example, according to the Complaint, a "Dear Healthcare Professional Letter" was issued on October 10, 2000 advising "that serious adverse side effects including cases of central nervous system disorders, including demyelinating disorders such as multiple sclerosis, myelitis, and optic neuritis had been reported in patients with rheumatoid arthritis who received Enbrel therapy."  Complaint ¶ 14.  (In his Complaint, Mr. Hite alleges, nonetheless, that the defendants failed to issue an

\\\DC · 58360/0084 · 1652589 v4

adequate warning of these risks even though he concedes that defendants issued

this October 10, 2000 letter.  Id. ¶ 38.)

## LEGAL STANDARD

In deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the

court must accept the factual allegations of the complaint as true and resolve any

ambiguities in favor of the plaintiff.  Fernandez-Montes v. Allied Pilots Ass'n,

987 F.2d 278, 284 (5th Cir. 1993).  The Complaint should only be dismissed for

failure to state a claim if it appears beyond doubt "that the plaintiff can prove no set

of facts . . . which would entitle him to relief."  Id. at 284-85.  However, "[d]ismissal

is proper if the complaint lacks an allegation regarding a required element

necessary to obtain relief."  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir.

1995) (citation omitted).  Further, "conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

Fernandez-Montes, 987 F.2d at 284.

## SUMMARY OF ARGUMENT

As demonstrated in the Argument section, there are numerous

authorities supporting dismissal of plaintiffs' causes of action.  For the Court's

convenience, the following table summarizes the causes of action that should be

dismissed, the paragraph(s) where such causes of action are found in the Complaint,

and a portion of the relevant authority requiring dismissal of each cause of action.

| Cause of Action | Paragraph | Authority Requiring Dismissal |
|---|---|---|
| Strict Products Liability | 24 | La. Rev. Stat. § 9:2800.52; Grenier v. Medical Eng'g Corp., 99 F. Supp. 2d 759, 763 (W.D. La. 2000) (dismissing strict products liability claim) aff'd, 243 F.3d 200 (5th Cir. 2001); Lee v. Bayer Corp., No. Civ.A. 02-0753, 2002 WL 1058893, at *2 (E.D. La. May 24, 2002) (same). |
| Negligence | 24 | La. Rev. Stat. § 9:2800.52; Jefferson v. Lead Indus. Ass'n, 106 F.3d 1245, 1251 (5th Cir. 1997) (dismissing negligence claim); Grenier v. Medical Eng'g Corp., 99 F. Supp. 2d 759, 763 (W.D. La. 2000) (same), aff'd, 243 F.3d 200 (5th Cir. 2001). |
| Fraudulent Misrepresentation | 23, 24, 28 | La. Rev. Stat. § 9:2800.52; Jefferson v. Lead Indus. Ass'n, 106 F.3d 1245, 1251 (5th Cir. 1997) (dismissing fraudulent misrepresentation claim); Grenier v. Medical Eng'g Corp., 99 F. Supp. 2d 759, 763 (W.D. La. 2000) (same), aff'd, 243 F.3d 200 (5th Cir. 2001). |
| Concealment | 20, 23, 24 | La. Rev. Stat. § 9:2800.52; Brown v. R.J. Reynolds Tobacco Co., 852 F. Supp. 8, 9 (E.D. La. 1994), (dismissing concealment claim), aff'd 52 F.3d 524 (5th Cir. 1995); Grenier v. Medical Eng'g Corp., 99 F. Supp. 2d 759, 763 (W.D. La. 2000) (same), aff'd, 243 F.3d 200 (5th Cir. 2001). |
| Breach of Implied Warranty | 24 | La. Rev. Stat. § 9:2800.52; Jefferson v. Lead Indus. Ass'n, 106 F.3d 1245, 1251 (5th Cir. 1997) (dismissing breach of implied warranty claim); Grenier v. Medical Eng'g Corp., 99 F. Supp. 2d 759, 763 (W.D. La. 2000) (same), aff'd, 243 F.3d 200 (5th Cir. 2001). |
| Adulteration and/or Misbranding | 29 | La. Rev. Stat. § 9:2800.52; Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 810 (1986) (dismissing claim brought under the FDCA); Lewis v. Intermedics Intraocular, Inc., No. 93-0007, 1994 WL 149870, at *2 (E.D. La. Apr. 19, 1994) (dismissing claim brought under Louisiana law for violation of the FDCA); La. Rev. Stat. §§ 40:637-639. |
| Redhibition | 26, 27 | La. Rev. Stat. § 9:2800.52; Jefferson v. Lead Indus. Ass'n, 106 F.3d 1245, 1251 (5th Cir. 1997) (dismissing redhibition claim for personal injury); Duhon v. Three Friends Homebuilders Corp., No. 8015 (La. App. 3d Cir. Mar. 11, 1981), 396 So. 2d |

| Cause of Action | Paragraph | Authority Requiring Dismissal |
|---|---|---|
| | | 559, 560 (dismissing redhibition claim for failure to prove purchase). |
| Fear of Future Injury | 33 | La. Rev. Stat. § 9:2800.52; Grenier v. Medical Eng'g Corp., 99 F. Supp. 2d 759, 763 (W.D. La. 2000) (dismissing fear of future product failure claim), aff'd, 243 F.3d 200 (5th Cir. 2001). |
| Defective Product Design | 24, 30 | La. Rev. Stat. § 9:2800.56; Barrette v. Dow Agrosciences, L.L.C., No. Civ.A. 02-1677, 2002 WL 31365598, at *2 (E.D. La. 2002) (dismissing generally plead LPLA claims); Thomas v. Sport City, Inc., No. 31,994-CA (La. App. 2d Cir. June 16, 1999), 738 So. 2d 1153, 1157 (setting forth the requisite elements of a defective product design claim). |
| Defective Product Composition | 24, 30 | La. Rev. Stat. § 9:2800.55; Barrette v. Dow Agrosciences, L.L.C., No. Civ.A. 02-1677, 2002 WL 31365598, at *2 (E.D. La. 2002) (dismissing generally plead LPLA claims); Stahl v. Novartis Pharms. Corp., 283 F.3d 254, 263-64 (5th Cir. 2002) (setting forth the requisite elements of a defective product composition claim), cert. denied, 123 S. Ct. 111 (2002). |
| Failure to Adequately Warn | 20, 21, 24, 25, 30, 34, 37 | La. Rev. Stat. 9:2800.57; Barrette v. Dow Agrosciences, L.L.C., No. Civ.A. 02-1677, 2002 WL 31365598, at *2 (E.D. La. 2002) (dismissing generally plead LPLA claims); Stahl v. Novartis Pharms. Corp., 283 F.3d 254, 265-68 (5th Cir. 2002) (setting forth the requisite elements of a failure to adequately warn claim), cert. denied, 123 S. Ct. 111 (2002). |
| Breach of Express Warranty | 24, 30 | La. Rev. Stat. § 9:2800.58; Barrette v. Dow Agrosciences, L.L.C., No. Civ.A. 02-1677, 2002 WL 31365598, at *2 (E.D. La. 2002) (dismissing generally plead LPLA claims); Caboni v. General Motors Corp., 278 F.3d 448, 452 (5th Cir. 2002) (setting forth the requisite elements of a breach of express warranty claim). |
| Loss of Consortium | 40 | Ferrell v. Fireman's Fund Ins. Co., No. 96-C-3028 (La. July 1, 1997), 696 So. 2d 569, 576 (dismissing loss of consortium claim). |

## ARGUMENT

I.   **PLAINTIFFS' COMPLAINT CONTAINS AT LEAST EIGHT CAUSES OF ACTION THAT MUST BE DISMISSED WITH PREJUDICE AS THEY ARE BARRED BY THE LOUISIANA PRODUCTS LIABILITY ACT**

Plaintiffs' Complaint sets forth at least eight causes of action that should be dismissed with prejudice as they are prohibited by the LPLA. 3/ The statute provides the exclusive remedy for a products liability lawsuit against a manufacturer, and these eight causes of action are not among the claims permitted by the statute.

The explicit language of the LPLA unequivocally provides that its remedies are exclusive: "[t]his Chapter establishes the exclusive theories of liability for manufacturers 4/ for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter." La. Rev. Stat. § 9:2800.52. As such, "the LPLA enumerates the exclusive list of possible product liability causes

---

3/   Throughout the Complaint, plaintiffs allege various causes of action arising under Louisiana law. Consistent with these allegations, plaintiffs allege that Louisiana is both where they reside and where they sustained their alleged injuries. Complaint ¶ 11. However, in paragraph 31 of the Complaint, plaintiffs allege: "In the alternative, plaintiffs' claims may be governed by any and all applicable laws of the State of Missouri." Id. ¶ 31. Plaintiffs allege no facts in support of this allegation. In any event, Louisiana choice of law rules would likely dictate the application of the substantive law of Louisiana to plaintiffs' claim. See e.g., La. Civ. Code art. 3545 ("Delictual and quasi-delictual liability for injury caused by a product, as well as damages, whether compensatory, special, or punitive, are governed by the law of this state: (1) when the injury was sustained in this state by a person domiciled or residing in this state . . . .").

4/   Pharmaceutical companies are considered manufacturers under the LPLA. See e.g. Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254 (5th Cir. 2002).

of action in Louisiana." <u>Brown v. R.J. Reynolds Tobacco Co.</u>, 852 F. Supp. 8, 9 (E.D. La. 1994), <u>aff'd</u>, 52 F.3d 524 (5th Cir. 1995). In <u>Jefferson v. Lead Industries Ass'n.</u>, 106 F.3d 1245, 1248 (5th Cir. 1997), a case involving product liability claims against lead paint manufacturers, the Fifth Circuit similarly emphasized that "Louisiana law eschews all theories of recovery in this case except those explicitly set forth in the LPLA." <u>Id.</u> 5/

The LPLA provides four exclusive theories of liability upon which a plaintiff can base a claim:

> (1)   The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
>
> (2)   The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
>
> (3)   The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
>
> (4)   The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

La. Rev. Stat. § 9:2800.54(B).

---

5/     <u>See also</u> <u>Barrette v. Dow Agrosciences, L.L.C.</u>, No. Civ.A. 02-1677, 2002 WL 31365598, at *2 (E.D. La. Oct. 18, 2002) ("plaintiffs may not recover from a manufacturer for damages caused by a product on the basis of any theory of liability not set forth in the LPLA"); <u>Lee v. Bayer Corp.</u>, No. Civ.A. 02-0753, 2002 WL 1058893, at *2 (E.D. La. May 24, 2002) ("Based on this unequivocal statutory language, courts routinely dismiss claims against manufacturers that do not arise under the LPLA.").

Thus, plaintiffs' claims for defective product design, defective product composition, failure to adequately warn, and breach of express warranty are the only ones permissible under the LPLA. 6/ At the same time, plaintiffs' claims for strict products liability, negligence, fraudulent misrepresentation, concealment, 7/ breach of implied warranty, adulteration and/or misbranding, 8/ redhibition (to the

---

6/      In addition to these four causes of action, a plaintiff may also bring a redhibition claim for economic loss.  The LPLA explicitly provides that it is not applicable to such claims.  Thus, the Fifth Circuit's opinion in Jefferson noted that the LPLA does not bar a redhibition action seeking economic loss.  See Jefferson, 106 F.3d at 1251 (stating that "redhibition is not available [under the LPLA] as a theory of recovery for personal injury, although a redhibition action is still viable against the manufacturer to recover pecuniary loss.").

7/      Plaintiffs' fraudulent misrepresentation and concealment claims should also be dismissed because the complaint fails to set forth these allegations with the requisite particularity.  Fed. R. Civ. P. 9(b) provides that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The Fifth Circuit has held that, "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."  United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1998), citing Williams v. WMX Techs., Inc., 112 F.3d 175, 179 (5th Cir.), cert. denied, 522 U.S. 966 (1997).  Plaintiffs' claims violate this well-established rule because the Complaint contains only generalized, boilerplate allegations of fraud and is devoid of any facts that identify the "who, what, when, where, and how" of the alleged fraud.  See Complaint ¶¶ 19-20, 23.

8/      Plaintiffs' cause of action for adulteration/misbranding is barred for another reason.  There is no private cause of action for this claim.  Plaintiffs base their adulteration/misbranding claim on the Federal Food, Drug, and Cosmetic Act ("FDCA") and the Louisiana Food, Drug, and Cosmetic Act ("Louisiana Act").  But it is well-established that the FDCA does not authorize private causes of action for violations.  See Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 810-11 (1986).  Similarly, there is no private cause of action under Louisiana law for violations of the FDCA.  Lewis v. Intermedics Intraocular, Inc., Civ. A. No. 93-0007, 1994 WL 149870, at *2 (E.D. La. Apr. 19, 1994).  Moreover, the language and structure of the Louisiana Act is devoid of any suggestion that it would support a private cause of action.  To the contrary, the statute articulates:  (a) procedures for reporting violations to the district attorney; (b) duties of the district attorney; and (c)

- 11 -

extent recovery is sought for personal injury), and fear of future injury 9/ must be dismissed with prejudice as outside the scope of the LPLA.  See Jefferson, 106 F.3d at 1251 ("It is apparent from the foregoing discussion of the exclusivity of the LPLA that plaintiff's allegations of negligence, fraud by misrepresentation, market share liability, breach of implied warranty of fitness and civil conspiracy fail to state a claim against the lead paint pigment manufacturers under the LPLA and must therefore be dismissed."); see also Grenier v. Medical Eng'g Corp., 99 F. Supp. 2d 759, 763 (W.D. La. 2000) (dismissing plaintiff's strict liability, negligence, breach of warranty of fitness for a particular purpose, breach of implied warranty, misrepresentation/fraud, fraud by concealment, false advertising, negligent infliction of emotional distress, and fear of future product failure claims), aff'd, 243 F.3d 200 (5th Cir. 2001); Lee, 2002 WL 1058893, at *2 (dismissing plaintiff's claims for negligence, fraud, misrepresentation, negligent and reckless misrepresentation, conspiracy and strict liability); Barrette, 2002 WL 31365598, at *2-*3 (dismissing counts for negligence, breach of implied warranty, fraud and misrepresentation, and redhibition to the extent that the redhibition claim seeks damages for personal injury); Brown, 852 F. Supp. at 9 (dismissing plaintiff's claims for fraudulent misrepresentation, concealment, and conspiracy).

---

penalties, including fines and incarceration, for violations of the Act's provisions. See La. Rev. Stat. §§ 40:637-639.

9/    See also Zachary v. Dow Corning Corp., 884 F. Supp. 1061, 1066-67 (M.D. La. 1995) (dismissing cause of action for mental distress due to fear of developing cancer where plaintiff's LPLA claims were not supported by sufficient evidence and were unable to survive summary judgment).

## II.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UNDER THE LPLA

Plaintiffs' claims for defective product composition, defective product design, failure to warn, and breach of express warranty under the LPLA are defective, as a matter of law, as plaintiffs have failed to plead the necessary elements of these four causes of action.  A U.S. District Court for the Eastern District of Louisiana recently emphasized that – unless a plaintiff separately alleges each of the elements of the LPLA – these causes of action have not been properly alleged:

> In order to maintain a cause of action under any of the four theories [of the LPLA], the Petition must allege the elements required by the LPLA.  For example, to maintain a claim based on inadequate warning, a plaintiff must allege that the "product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product."  Thus, because the four theories of liability under the LPLA require independent elements of proof and must be specifically alleged, the Court agrees that an attempt to tie them all together under one heading is improper and must dismiss Paragraph 17 of the Petition.

Barrette, 2002 WL 31365598, at *3 (citations omitted).  As further explained below, the plaintiffs here – like the plaintiff in Barrette – have failed to allege each of the elements of their LPLA counts.  See Complaint ¶¶ 24, 30 (setting forth LPLA count in generalized, conclusory fashion).  For this reason, plaintiffs' LPLA counts should be dismissed.  See Barrette, 2002 WL 31365598, at *3 (dismissing the plaintiff's

LPLA claims because "the four theories of liability under the LPLA require independent elements of proof and must be specifically alleged").

A.   <u>Failure to Plead the Elements of an Inadequate Warning Claim</u>

The plaintiffs have failed to allege the elements of a cause of action for failure to issue an adequate warning.  La. Rev. Stat. 9:2800.57 provides, in pertinent part:

> A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

La. Rev. Stat. § 9:2800.57(A).  Under Louisiana law, a manufacturer of a prescription product discharges its duty to warn by providing an adequate warning regarding the product's risks to the learned intermediary – usually the prescribing physician – not the ultimate consumer.  <u>Stahl v. Novartis Pharms. Corp.</u>, 283 F.3d 254, 265 (5th Cir.), <u>cert. denied</u>, 123 S. Ct. 111 (2002).  "[T]here is a two-prong test governing inadequate-warning claims under the LPLA when the learned intermediary doctrine is applicable.  First, the plaintiff must show that the defendant failed to warn (or inadequately warned) the physician of a risk associated with the product that was not otherwise known to the physician.  Second, the plaintiff must show that this failure to warn the physician was both a cause in fact and the proximate cause of the plaintiff's injury."  <u>Id.</u> at 265-66 (citation omitted).  In other words, a plaintiff must allege "that a proper warning would have changed

- 14 -

the decision of the treating physician, i.e., that but for the inadequate warning, the treating physician would not have used or prescribed the product." Willet v. Baxter Int'l, Inc., 929 F.2d 1094, 1099 (5th Cir. 1991).

Thus, plaintiffs' Complaint is flawed in at least two respects. First, the Complaint improperly alleges that the defendants failed to issue an adequate warning to consumers or "end users." See Complaint ¶¶ 24, 25, 34 & 37. This portion of the Complaint is clearly barred by the learned intermediary doctrine and must be dismissed with prejudice. No amount of re-pleading can cure this defect. The learned intermediary doctrine bars any allegation – no matter how phrased – that defendants failed to warn Mr. Hite, as opposed to his physician.

Second, the Complaint fails to allege the two-part test – set forth in Stahl – with respect to the prescribing physician. The Complaint merely alleges that the defendants failed to ensure that "physicians, pharmacists, and health care providers were notified of these risks." Id. ¶ 25. Nowhere in the Complaint is it alleged that defendants failed to provide adequate warnings to Hite's physician and nowhere is it alleged that – had defendants provided these warnings to Hite's physician – the physician would not have prescribed Enbrel® to Hite. To the contrary, the Complaint admits that one of the defendants issued a "Dear Healthcare Professional Letter" addressing exactly the risk at issue here. Thus, the Complaint fails to state a claim for inadequate warning under Louisiana law. See e.g., Grenier, 99 F. Supp. 2d at 765 ("To recover under an inadequate warning claim when the learned intermediary doctrine is applicable, a plaintiff must show:

- 15 -

(1) that the defendants failed to warn the physician of a risk associated with the use

of the product not otherwise known to the physician; and (2) that the failure to warn

the physician was both a cause in fact and proximate cause of the plaintiff's

injuries."); Zachary, 884 F. Supp. at 1065 (same).

    B.    <u>Failure to Plead Threshold Element of LPLA Claims</u>

        Plaintiffs' inadequate warning claim – as well as their defective

product design and defective product composition claims – should also be dismissed

because plaintiffs have failed to plead the requisite threshold elements of these

causes of action.  As a threshold matter, the LPLA mandates that:

> The characteristic of the product that renders it
> unreasonably dangerous under R.S. 9:2800.55 must
> exist at the time the product left the control of its
> manufacturer.  The characteristic of the product
> that renders it unreasonably dangerous under R.S.
> 9:2800.56 or 9:2800.57 must exist at the time the
> product left the control of its manufacturer or
> result from a reasonably anticipated alteration or
> modification of the product.

La. Rev. Stat. § 9:2800.54(C).  Yet, nowhere in the Complaint do plaintiffs plead

that the alleged defect in Enbrel® existed at the time it left the control of

defendants, or that the defect resulted from a reasonably anticipated alteration or

modification of the Enbrel®.  As such, plaintiffs fail to state a claim for defective

product design, defective product composition, and failure to adequately warn.  <u>See</u>

<u>e.g.</u>, <u>Wicker v. Ford Motor Co.</u>, 67 F. Supp. 2d 623, 626 (E.D. La.) ("In order to hold

[a manufacturer] liable for his injuries, plaintiff must factually establish that . . .

the characteristic which makes the product unreasonably dangerous existed when it

left the control of defendant or resulted from a reasonably anticipated alteration or modification of the product . . . ."), aff'd, 192 F.3d 127 (5th Cir. 1999); Bernard v. Ferrellgas, Inc., No. 96-621 (La. App. 3d Cir. Feb. 5, 1997), 689 So. 2d 554, 558 ("[A]ny plaintiff asserting liability for damage caused by a product must prove that . . . the dangerous characteristic of the product existed at the time the product left the manufacturer's control, or was the result of a reasonably anticipated alteration or modification.").

    C.      Defective Product Composition

        The Complaint also fails to allege the specific elements of a cause of action for defective product composition.  In order to plead a cause of action for defective product composition under the LPLA, the plaintiff must allege that "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer."  La. Rev. Stat. § 9:2800.55.

        Plaintiffs' Complaint is completely devoid of any allegations that Enbrel® deviated from defendants' specifications.  Thus, the Complaint fails to state a claim for defective product composition.  See e.g., Stahl, 283 F.3d at 261 ("To maintain a 'construction or composition' defect claim under the LPLA, a plaintiff must establish that, at the time the product left the manufacturer's control, 'the product deviated in a material way from the manufacturer's specifications or

- 17 -

performance standards for the product or from otherwise identical products manufactured by the same manufacturer.'") (citation omitted).

D.   Defective Product Design

Plaintiffs have also failed to allege the specific elements of a cause of action for defective product design.  In order to allege such a count, the Complaint must allege that,

> . . . at the time the product left its manufacturer's control:
>
> (1)  There existed an alternative design for the product that was capable of preventing the claimant's damage; and
>
> (2)  The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. . . .

La. Rev. Stat. § 9:2800.56.  Again, the Complaint is devoid of the necessary allegations.

Plaintiffs do not allege that there existed an alternative design for Enbrel®, or that the risk of Hite's damage outweighed any burdens presented by the alternative design.  Plaintiffs simply cannot maintain a cause of action for defective product design without alleging the necessary elements.  See e.g., Bernard, 689 So. 2d at 558 ("This section requires a dual showing.  First, the plaintiff must show that:  (1) an alternative design existed for the product at the time it left the manufacturer's control, and (2) the alternative design was capable of preventing the claimant's damage.  However, even if there existed an alternative product capable

of preventing the damage, a plaintiff must also meet the second requirement, the so-called 'risk-utility' analysis, in which the utility of the product is weighed against the risk of harm."); Thomas v. Sport City, Inc., No. 31,994-CA (La. App. 2d Cir. June 16, 1999), 738 So. 2d 1153, 1154-55 (same).

E.     Breach of Express Warranty

Plaintiffs' Complaint is also devoid of the elements of a cause of action for breach of express warranty.  In order to state a claim pursuant to this theory, plaintiffs must allege that the product "does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue."  La. Rev. Stat. § 9:2800.58.

Again, plaintiffs fail to allege the necessary elements of the claim.  The Complaint does not allege that Hite or any other person or entity was induced by an express warranty to use Enbrel® or that his alleged damage was caused by such a warranty being untrue.  Thus, plaintiffs fail to allege the necessary elements required to state a claim for breach of express warranty.  See e.g., Caboni v. General Motors Corp., 278 F.3d 448, 452 (5th Cir. 2002) (setting forth the following elements of an express warranty claim under the LPLA:  "(1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express

- 19 -

warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue.").

## III.   PLAINTIFFS' CAUSE OF ACTION FOR REDHIBITION SHOULD BE DISMISSED

Plaintiffs' redhibition count should be dismissed as plaintiffs have failed to allege all of the necessary elements of this cause of action. 10/  In order to assert a cause of action for redhibition, a plaintiff must allege that he purchased the product in question.  "[W]ithout a sale, there can be no redhibition." Duhon v. Three Friends Homebuilders Corp., No. 8015 (La. App. 3d Cir. Mar. 11, 1981), 396 So. 2d 559, 560.

Yet, the plaintiffs here make no such allegation.  Instead, plaintiffs merely set forth a sweeping and conclusory allegation that "[t]he drug Enbrel, referred to herein contains a vice or defect which renders it either absolutely useless or renders its use so inconvenient and imperfect, that it must be supposed that buyers would not have purchased it had they known of this vice or defect." 11/

---

10/    As noted above, to the extent that plaintiffs seek damages for alleged personal injuries through their redhibition count, this cause of action should be dismissed for another reason – it is barred by the LPLA. See Section I, supra.

11/    Moreover, Hite's allegations fail to set forth the other necessary elements of redhibition.  Hite dose not allege that Enbrel® was useless for the treatment of his rheumatoid arthritis, or that he would not have bought it had he known of the alleged defect.  Further, Hite fails to allege that a non-apparent defect existed at the time of sale, or that the seller was given an opportunity to repair (or that such an opportunity was not feasible). See Ross v. Premier Imports, No. 96 CA 2577 (La. App. 1st Cir. Nov. 7, 1997), 704 So.2d 17, 21 (stating that the elements of a claim in redhibition are: "(1) the thing sold is absolutely useless for its intended purpose or its use is so inconvenient that had he known of the defect, he would never have purchased it; (2) the defect existed at the time of sale but was not apparent; and (3)

- 20 -

Complaint ¶ 26.  As the Complaint refers to "buyers" generally, but does not allege

that Hite purchased the product at issue, the redhibition count should be

dismissed. 12/

---

the seller was given an opportunity to repair the defect."), writ denied, No. 97-C-3035 (La. Feb. 13, 1998), 709 So.2d 750.

12/     Once this Court dismisses plaintiffs' redhibition count, this Court should also bar plaintiffs' request for attorneys' fees.  The redhibition cause of action is the only count in plaintiffs' Complaint that permits the recovery of attorneys fees, as the LPLA explicitly states that "[a]ttorneys' fees are not recoverable under this Chapter."  La. Rev. Stat. § 9:2800.53(5).  See, e.g., Pipitone v. Biomatrix, Inc., No. Civ.A. 00-1449, 2001 WL 568611, at *8 (W.D. La. May 22, 2001) (attorneys' fees not recoverable under LPLA), rev'd on other grounds, 288 F.3d 239 (5th Cir. 2002).

\\\DC - 58360/0084 - 1652589 v4

## CONCLUSION

For the foregoing reasons, Immunex Corporation and Amgen Inc. respectfully request that their Motion to Dismiss be granted and that plaintiffs' Complaint for Damages be dismissed in its entirety. 13/

Dated:  January 27, 2003

Respectfully submitted,

By: _____

G. William Jarman (Bar Roll No. 7238)
Glenn M. Farnet (Bar Roll No. 20185)
KEAN, MILLER, HAWTHORNE,
    D'ARMOND McCOWAN & JARMAN,
    L.L.P.
One American Place, 22nd Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana  70825
Telephone:  (225) 387-0999
Fax:  (225) 388-9133

Of Counsel:

Mark D. Gately
Hogan & Hartson L.L.P.
111 South Calvert Street
Baltimore, MD  21202
(410) 659-2700

Michael L. Kidney
Hogan & Hartson L.L.P.
555 Thirteenth Street, N.W.
Washington, DC  20004
(202) 637-5600

---

13/    Because none of Mr. Hite's claims survive dismissal, the loss of consortium claim of his wife must fail as a matter of law as well.  See, e.g., Ferrell v. Fireman's Fund Ins. Co., No. 96-C-3028 (La. July 1, 1997), 696 So. 2d 569, 576 (holding "that loss of consortium claims are derivative of the primary" plaintiff's injury claims).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record by depositing same in the United States Mail, properly addressed and postage prepaid, this 27th day of January, 2003.

_____

Glenn M. Farnet

RECEIVED

JAN 2 7 2003

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JOHN ROBERT HITE, ET AL                    NO. CV02-2266-LC

VERSUS                                     JUDGE : TRIMBLE

IMMUNEX CORPORATION, ET AL                 MAG. JUDGE: WILSON

## NOTICE OF HEARING

TO:   Mr. John McKay                 Mr. Daniel E. Becnel, Jr.
      McKAY LAW FIRM                 Law Offices of Daniel E. Becnel, Jr.
      7465 Exchange Place            P. O. Drawer H
      Baton Rouge, LA  70806-1571    Reserve, LA  70084

PLEASE TAKE NOTICE that Immunex Corporation and Amgen Inc.'s

Motion to Dismiss will be brought for hearing before the Honorable James T.

Trimble, Jr., United States District Court Judge, Western District of Louisiana,

Edwin F. Hunter, Jr., Federal Building, 611 Broad Street, Lake Charles, Louisiana

70601, at _____ o'clock ____.m., on the _____ day of _____,

2003.

                                    _____
                                    UNITED STATES DISTRICT COURT JUDGE

RECEIVED

JAN 2 7 2003

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JOHN ROBERT HITE, ET AL                    NO. CV02-2266-LC

VERSUS                                     JUDGE : TRIMBLE

IMMUNEX CORPORATION, ET AL                 MAG. JUDGE: WILSON

ORDER

Upon consideration of the Motion to Dismiss of Defendants Immunex

Corporation and Amgen Inc., the supporting Memorandum of Law, any opposition

thereto and further reply, and the entire record herein, it is this ____ day of

_____, 2003,

ORDERED that the Motion to Dismiss should be and hereby is

GRANTED; and it is FURTHER ORDERED that plaintiffs' Complaint for Damages

is dismissed with prejudice.

_____
United States District Court Judge

\\\DC - 58360/0084 - 1652589 v4

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

## NOTICE OF DOCUMENTATION NOT FILED IN RECORD

**CASE# 2:02cv2266**

**John Robert Hite, et al**

    **VS.**

**Immunex Corp., et al**


**ATTACHMENTS TO:**

    **DOCUMENT#:   8**

    **DESCRIPTION: Motion to Dismiss**

    **FILED BY:        Immunex, Corp., and Amgen, Inc.**

    **FILE DATE:     1/27/03**

    **HAVE BEEN PLACED IN AN ACCORDIAN FOLDER**

                         **Corey Whidden**

                         _____

                             **DEPUTY CLERK**

# KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P.

### ATTORNEYS AT LAW

BATON ROUGE
NEW ORLEANS
COVINGTON
LAKE CHARLES
PLAQUEMINE

TWENTY-SECOND FLOOR
ONE AMERICAN PLACE
BATON ROUGE, LOUISIANA 70825

MAILING ADDRESS
POST OFFICE BOX 3513
BATON ROUGE, LOUISIANA 70821-3513

TELEPHONE: (225) 387-0999
FACSIMILE: (225) 388-9133
www.keanmiller.com

GLENN FARNET
Direct Dial:(225) 382-3431
Glenn.Farnet@keanmiller.com
Partner

RECEIVED

JAN 2 7 2003

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

January 27, 2003

Honorable Robert H. Shemwell
Clerk of Court
USDC - Western District
800 Lafayette Street, Suite 2100
Lafayette, LA 70501

> RE: *John Robert Hite, et ux v. Immunex Corporation, et al*
> Civil Action No. 02-2266-LC
> File No.: 17102-0

Dear Mr. Shemwell:

Enclosed please find the original and two copies of a Motion to Dismiss of Defendants Immunex Corporation and Amgen Inc., Memo in Support, Notice of Hearing and Order to be filed in the above matter. Please file the original and one copy into the record and return a stamped copy to my courier.

Thank you for your assistance in this matter. Please feel free to contact me should you have any questions.

Very truly yours,

Glenn M. Farnet

GMF:ngf
Enclosures
cc: Mr. John McKay (w/encl.)
    Mr. Daniel E. Becnel, Jr. (w/encl.)
    Ms. Anne Levine (w/encl.)

698437_1