U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAR 1 4 2003

ROBERT H. SHEMWELL, CLERK
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN ROBERT HITE AND TERRY ANN HITE | CIVIL ACTION NO.: CV02-2266-LC |
| VERSUS | JUDGE TRIMBLE |
| IMMUNEX CORPORATION, WYETH, INC., AND AMGEN, INC. | MAGISTRATE: JUDGE WILSON |

### MEMORANDUM IN OPPOSITION TO RULE 12 (B) (6) MOTION TO DISMISS FILED BY IMMUNEX CORPORATION AND WYETH, INC.

**NOW INTO COURT**, through undersigned counsel, come plaintiffs John Robert Hite and Terry Ann Hite who in response to the Rule 12 (b) (6) Motion to Dismiss filed on behalf of Immunex Corporation and Wyeth, Inc. submit the following opposition:

### INTRODUCTION

Plaintiffs, John Robert Hite and Terry Ann Hite filed the instant cause of action for damages caused by injections of the medication Enbrel. Enbrel was manufactured, marketed, developed, distributed, promoted, tested, labeled and sold by the defendants Immunex Corporation and Wyeth, Inc. The plaintiffs previously lived in Jefferson County, Missouri where a physician treated John Robert Hite for rheumatoid arthritis.

In September of 2000, John Robert Hite was prescribed Enbrel to treat symptoms associated with rheumatoid arthritis. Mr. Hite was instructed as to treatment with this medication and self-injected the medication two times per week. On October 28, 2001, Mr. Hite began to notice numbness in his feet. This feeling of numbness progressed up his body until it reached his chest area. Mr. Hite was eventually informed by his



physicians that the numbness was the result of lesions that had formed on his spinal cord as a result of taking the medication Enbrel. He was informed that he must never take the medication again.

John Robert Hite and Terry Ann Hite subsequently moved to Lake Charles, Louisiana in search of employment opportunities. Mr. Hite, as a domiciliary of this Judicial District, continues to suffer from injuries sustained as a result of the Enbrel that was injected into his system. Plaintiffs subsequently filed the instant cause of action alleging claims under laws of the States of Missouri and Louisiana. The defendants then filed the instant 12 (B) (6) motion to dismiss.

## LEGAL STANDARD

When considering a motion to dismiss under Fed.R.Civ.P. Rule 12 (b) (6) for failure to state a claim upon which relief should be granted, a District Court should construe the complaint liberally in favor of the plaintiff, assuming all factual allegations to be true. *Leluex v. United States,* 178 F.3d 750,754 (5th Cir. 1999) The court may not dismiss a complaint "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

## LAW AND ARGUMENT

1. **Plaintiffs agree that certain causes of action alleged under Louisiana law should be dismissed from the instant case.**

Plaintiffs agree that the following causes of action should be dismissed from the instant lawsuit *as they apply under Louisiana law only*:

        1)     Strict products liability under Louisiana law
        2)     Negligence under Louisiana law
        3)     Fraudulent misrepresentation under Louisiana law
        4)     Concealment under Louisiana law
        5)     Breach of implied warranty under Louisiana law

  6)  Adulteration and/or misbranding under Louisiana law
  7)  Redhibition (to the extent recovery is sought for personal injury) under Louisiana law
  8)  Fear of Future injury under Louisiana law

**2. Missouri state law will apply to the instant action and plaintiffs should be given the opportunity to amend their Complaint to include all causes of action under Missouri law; have their claim transferred to the appropriate Missouri jurisdiction; or be allowed to refile this claim in the State of Missouri.**

Some of the causes of action which plaintiffs have agreed to dismiss as not being available under Louisiana law are available under Missouri law. *See Pollard v. Ashby*, 793 S.W.2d 394 (Mo.App. E.D. 1990) In Pollard the court allowed claims for strict product liability against a drug manufacturer. Plaintiffs filed the instant action in this jurisdiction because they had moved to the Lake Charles area and continued to suffer damages in this jurisdiction as a result of taking the medication Enbrel. Because the Hites have invoked this Court's diversity jurisdiction, the conflicts law of the forum state, here Louisiana, governs. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Roberts v. Energy Development Corp.*, 104 F.3d 782, 786 (5th Cir.1997).

The Louisiana conflicts of law provisions provide that the state law of Missouri is the appropriate law to apply in the appropriate action.

> "Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
> The state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts." La. C.C. art. 3542

Louisiana Civil Code article 3515 further provides:

"Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: 1) the relationship of each state to the parties and the dispute; and 2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state." La. C.C. art. 3515

The Louisiana Conflicts of law provisions further contain a specific article, which must be examined in the context of a products liability claim:

"Delictual and quasi-delictual liability for injury caused by a product, as well as damages, whether compensatory, special, or punitive, are governed by the law of this state: 1) when the injury was sustained in this state by a person domiciled or residing in this state; or 2) when the product was manufactured, produced or acquired in this state and caused the injury either in this state or in another state to a person domiciled in this state..." La. C.C. art. 3545

At the time Enbrel was injected into his system, John Robert Hite was a domiciliary of the state of Missouri. The medication was prescribed by a physician licensed to practice medicine under the laws of the state of Missouri. Mr. Hite's injuries and damages began while he was a resident of the state of Missouri. While it is true that he continued to suffer from the injuries once changing his domicile to the state of Louisiana and this Judicial District, they began while he was a domiciliary of the state of Missouri.

Louisiana Civil Code article 3545 indicates that Louisiana products liability law should not be applied because Mr. Hite's injuries were sustained in Missouri when he injected Enbrel into his body in Missouri while a Missouri domiciliary. He continues to suffer from the injuries as a Louisiana domiciliary. Plaintiffs have no evidence to suggest

that the Enbrel that was injected into Mr. Hite's system was either manufactured or produced in Louisiana.

The Hites should be able to amend their petition to include all causes of action available to them under Missouri law as alleged in paragraph 31 of their complaint for damages. In the alternative this case should be transferred to a Missouri court of competent jurisdiction or plaintiffs Missouri state law claims should be dismissed without prejudice and claimants should be allowed to refile this action in Missouri.

> 3. **In the alternative, if this Court finds Louisiana law to be applicable, Plaintiffs can prove sets of fact, which would entitle them to relief under the Louisiana Products Liability Act by amending their Complaint.**

Defendants cite the case of *Barrette v. Dow Agrosciences, LLC* for the proposition that plaintiffs' LPLA counts should be dismissed for failure to allege each of the elements of the LPLA counts. In that case the court only dismissed claims for negligence, strict liability, redhibition (to the extent a claim for personal injury was asserted), breach of implied warranty, and fraud and misrepresentation. The court went on to order that "plaintiff amend his complaint within twenty (20) days from entry of this order to plead, in good faith, the state tort claims available to him consistent with this order." *Barrette v. Dow Agrosciences, LLC,* 2002 WL 31365598, at 4 (E.D. La. Oct. 18, 2002) Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The Fifth Circuit has strictly followed this rule, stating that "leave to amend complaint should be granted liberally...." Robertson v. Plano City of Texas, 70 F.3d 21, 22 (5th Cir.1995). Plaintiffs assert that they should be granted leave to amend their complaint and plead the state tort claims available to them within a time period established by this court.

## CONCLUSION

Plaintiffs should be allowed to amend their complaint to include all causes of action available to them under Missouri state law under the Louisiana conflicts of laws provisions. If this court is not inclined to hear the Missouri state law causes of action in this jurisdiction, claimants should be allowed to have their Missouri state law claims dismissed without prejudice so that they may refile this action in Missouri. In the alternative, if this court finds that Missouri law is not applicable, claimants should be allowed to amend their complaint to allege causes of action under the Louisiana Products Liability Act.

Respectfully submitted:

McKAY LAW FIRM

Christopher R. Sonnier, No. 25880
John F. McKay, No. 9365
7465 Exchange Place
Baton Rouge, LA  70806
(225) 924-3641 Telephone
(225) 924-3644 Facsimile


Daniel E. Becnel, Jr.
LSBA #2926
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street
Post Office Drawer H
Reserve, LA  70084
(985) 536-1186 Telephone
(985) 536-6445 Facsimile

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing a copy of same in the United States mails, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 14th day of March, 2003.

_____
Christopher R. Sonnier

# McKAY LAW FIRM
## ATTORNEYS AT LAW

7465 Exchange Place
Baton Rouge, Louisiana 70806-1571

John F. McKay*
Christopher R. Sonnier
John M. McKay

*Licensed to Practice
in Louisiana and Texas

225/924-3641
Fax 225/924-3644

RECEIVED
MAR 14 2003
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

March 14, 2003

**HAND DELIVERED**

Clerk of Court
United States District Court
Western District of Louisiana
800 Lafayette St.
Lafayette, LA 70501

    Re:    John Robert Hite et al v. Immunex Corporation et al
              Civil Action No.: CV02-2266-LC

Dear Sir:

    Enclosed please find the original and two (2) copies of the Memorandum in Opposition to Rule 12 (b) (6) Motion to Dismiss Filed by Immunex Corporation and Wyeth, Inc., entitled as above captioned, to be filed in the record of the Court.

    Thanking you in advance, I remain,

                                             Sincerely yours,

                                             Christopher R. Sonnier

CRS/fa
Enclosure
cc:    Glenn M. Farnet
       Ann D. Levine
       Judge Trimble